U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 16 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GUS BRASHAD MAYS III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-981-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gus Brashad Mays III, a state prisoner currently incarcerated in Dilley, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

Petitioner was charged with attempted capital murder, aggravated robbery with a deadly weapon, and robbery with bodily injury in the 371st District Court of Tarrant County, Texas, in

connection with the robbery of Huihung and Shiuyun Chang at a Quik Trip gas station in Fort Worth, Texas, on August 3, 2006. (Clerk's R. at 2, 36; RR, vol. 3, State's Ex. 1)  On May 16, 2007, petitioner signed written plea admonishments waiving his right to a jury trial and entered an open plea of guilty to aggravated robbery with a deadly weapon, and, in exchange, the state agreed to move for dismissal of the other charges. (Clerk's R. at 134)  The trial court ordered preparation of a presentence investigation report (PSI), and the punishment phase of petitioner's trial commenced on March 14, 2005.  (RR, vol. 2, at 3)  Following witness testimony and consideration of the evidence, the court assessed petitioner's punishment at thirty years' confinement.  (*Id.* at 122)

Petitioner appealed, but the Second District Court of Appeals of Texas dismissed the appeal. *Mays v. State*, No. 2-07-259-CR, slip op. (Tex. App.-Fort Worth June 12, 2008) (not designated for publication).  Petitioner filed a state application for writ of habeas corpus, raising the claims presented herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court.

(State Habeas R. 7-8)[1]  This federal petition followed.

## II. Issues

In two grounds, petitioner claims he received ineffective assistance of counsel at trial. (Pet. at 6, 8)

## III. Rule 5 Statement

Respondent believes petitioner has filed his petition in a timely manner and has exhausted his state court remedies as to the claims raised. 28 U.S.C. §§ 2244(d)(1), 2254(b)(1). (Resp't Ans. at 4)

## IV. Discussion

### A. *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. §

---

[1] "State Habeas R." refers to the state court record in petitioner's habeas application no. WR-74,779-01.

3

2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d

381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

B. *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel under *Strickland*, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Prejudice in the state sentencing context turns on whether, absent counsel's deficient performance, there is a reasonable probability that the petitioner's sentence would have been significantly less harsh. *Charles v. Thaler*, 629 F.3d 494, 499 (5th Cir. 2011); *Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993).

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the

5

distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).

Petitioner claims trial counsel was ineffective by failing to (1) investigate and call additional character witnesses on his behalf and (2) consult with her own ballistics expert to controvert the state's ballistics report that the gun had a normal trigger pull. (Pet. at 6, 8; Pet'r Mem. in Support at 6-9) In support of the first claim, petitioner presented nineteen affidavits and character letters from family members, local church pastors, and the local president of the NAACP Grand Prairie Branch. (State Habeas R. 82-123; Pet'r Mem. Ex. D)

The state habeas judge, who also presided over petitioner's trial, conducted a hearing by affidavit. In response to the allegations, counsel stated:

> On January 29, 2007, Claudette Davis (Beasley) signed an agreement to hire me to represent her son, Gus Mays. He was charged with Attempted Capital

6

Murder, Aggravated Robbery with a Deadly weapon and Robbery Bodily Injury.

I petitioned for a Court Appointed Investigator. Wells Investigations was appointed. Gus Mays represented to me on the Attempted Capital Murder that the gun accidentally fired when he hit the gun on the back of the head of the victim. He also admitted to trying to take a wallet left on the car while the victim pumped gas. I did review police reports, video and audio evidence collected by the police.

Gus Mays admitted to police, prior to my representation, that the gun went off accidentally when he hit the victim over the back of the head with the gun.

Gus Mays had no significant criminal history. He was arrested, but cases were either not filed or were dismissed. Gus Mays also admitted to a drug problem and presented this as [a] mitigating factor that caused him to do something he would not normally do.

Per agreement of all parties, State, Gus Mays, and Defense Counsel, Gus Mays agreed to [a] polygraph with Eric Holden in Dallas, Texas. The condition for the District Attorney to waive the Attempted Capital Murder case is that the State be present and receive results of the polygraph. The Sheriff escorted Gus Mays to the polygraph examination. The D.A.'s Investigator and myself was [sic] present to approve the questioning and test criteria. Gus Mays passed the polygraph. The D.A. was now in agreement that the gun went off accidentally. Problem was he used the gun as a weapon to hit the victim while attempting to get the victim's wallet.

### GROUND ONE

**Defense counsel was ineffective because she failed to investigate or call character witnesses at the punishment phase of trial.**

7

I requested a Pre-Sentence Investigation (PSI) to bring out information Gus Mays was probation eligible. Polygraph results were admitted into evidence in the PSI.

The PSI also conveyed references similar to those attached to Gus Mays's Writ of Habeas Corpus. Statements included his mom, Claudette Davis Beasley, girlfriend, Brittany Blaylock, NAACP Grand Prairie Branch President, Cornerstone Baptist Church and numerous Family and friends were interviewed and collectively presented positive character information, remorse and rehabilitation [State Habeas R. at 19-47]. After reviewing the PSI, I chose both May[s]'s mom and girlfriend to enhance details of Guy Mays'[s] life for purpose of mitigation and character. The choice of witnesses was made with consultation to Gus Mays and his mom. I asked if there were any other witnesses that could add to or clarify information to the PSI or to his Mom and girlfriend's testimony. I consulted with Mom and Gus Mays on more than one occasion about this. This is who they chose to proceed with. I felt comfortable with their decision because the PSI reflected a lot of references. Some of these references were named and others were not named but the[] content of their letter of recommendation was being reflected.

Gus Mays'[s] education, criminal history, family history[,] employment history, financial history, drug history, mental and physical health history, all were presented to Honorable Judge Mollee Westfall. The two key witnesses were used to plea to the judge's compassion. They helped humanize Mays and show the need for drug treatment and his ability to rehabilitate. Together, the two witnesses reflected all parts of Gus Mays'[s] life. I believe my Sentencing Strategy was effective. I disagree with the Judge's decision. The Honorable Judge Westfall's decision was in my opinion excessive. I believe Mays was worthy of Probation or if not probation a reasonable sentence based on his age and other presented factors that I provided or the PSI provided.

My client voluntarily declined a ten year offer to fight for probation. I believe my sentencing hearing conveyed all known facts presented to me. My Investigator . . . never conveyed anything further upon her interview with Gus Mays and his family.

### GROUND TWO

**Defense counsel was ineffective because she did not consult with her own ballistics expert or present contradictory evidence at trial.**

    I consulted with Gus Mays on all his choices; trial by jury or judge, plea bargain of ten years or sentencing hearing with jury or judge. There was never a question of Gus Mays's accidental shooting after the polygraph test. If Gus Mays continued wanting a jury trial, a Ballistics Expert would be an option, however the D.A. may have stipulated to the accidental shooting of Gus Mays'[s] gun (per our agreement to polygraph).

    Gus Mays did not want a jury trial. He wanted to go open to the Judge. I carefully went through all pro[s] and cons to all choices. The Honorable Judge Mollee Westfall was a fairly new judge. There were no known open plea results when we discussed these options. I personally observed the Honorable Judge Westfall on a contested revocation which she gave a lengthy sentence. Concerned, I shared this with Gus Mays. However that defendant was given a chance on probation. Gus Mays wanted to fight for probation since he has never been placed on it before. Again it was his voluntarily educated plea of Guilt. Gus Mays knew I supported any decision he made.

    Although the misfire of the gun was no longer an issue, we still were left with the fact that a metal object, the gun, was used to hit the victim over the head, causing injury while in the course of a taking of property. The evidence and confession of my client still clearly showed culpability of Mays committing Aggravated Robbery. The State need show only that the weapon used was capable of causing serious bodily

> injury or death in its use or intended use.  Going to trial with a ballistic expert would not overcome Aggravated Assault as alleged in the Indictment.
>
> It is my belief that a consulting ballistics expert was not necessary to the case, since the D.A. believed the shooting was accidental.  If Gus Mays chose to have a jury Trial, I would have evaluated the case for a need to have an expert (to overcome the attempted capital murder charge alleged in the indictment if it was not waived).  I believed my client had no need to hear from a ballistics expert on the weapon possibly malfunctioning.  He did not need proof of accidental shooting when his polygraph results satisfied all parties.  Eric Holden was the expert used.  His expert opinion satisfied all parties.

(State Habeas R. at 130-33) (citations omitted)

The state habeas judge found counsel's affidavit credible and supported by the record and entered findings of fact consistent with counsel's testimony.  (State Habeas R. at 138, 145)  Based on the findings, the Texas Court of Criminal Appeals denied relief.

Specifically, as to petitioner's first claim, the state habeas court found the affidavits and character letters he presented were either duplicative of the testimony of petitioner's mother and girlfriend and statements summarized in the PSI report or appeals for leniency.  (*Id.* at 45-47)  Additionally, the court found that none of the additional witnesses stated in their affidavit that they were available to

testify at the hearing.

Typically, complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of witness testimony is essentially a matter of strategy, and thus within the trial counsel's domain. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). Counsel's decisions regarding trial tactics and strategy cannot support a claim for ineffective assistance of counsel unless "it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003) (citations omitted). Furthermore, in order for a petitioner to show the requisite *Strickland* prejudice, the petitioner must show that the witness was available and willing to testify at trial and that the witness's testimony would have been favorable. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981).

In this case, it cannot be said that counsel's strategy was unreasonable. Calling additional character witnesses, even assuming they would have been available and willing to testify on petitioner's behalf, would have been redundant, given the trial court was presented with character evidence through the testimony

of petitioner's mother and girlfriend and in the PSI that was the same or similar to that contained in the affidavits and character letters. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002). Counsel is not ineffective by failing to present evidence that would have been substantially redundant or cumulative when compared with the evidence offered at trial. *Id.*

As to petitioner's second claim, the state habeas court found it was understood by the parties that the gun accidently discharged and a ballistics expert's testimony at trial that the gun had an easy trigger pull and could go off accidentally would have been irrelevant to whether petitioner committed the offense as alleged in the indictment. (*Id.* at 142-44) The trial court was aware that petitioner took and passed a polygraph test on this particular issue because the PSI was admitted into evidence and petitioner testified that "[t]he lie detector proved that I didn't deliberately discharge the pistol." (RR, vol. 2, at 66) Thus, evidence that the discharge was accidental and unintentional was available to the trial court in determining petitioner's punishment. (*Id.* at 108)

Having reviewed the entirety of the record, and deferring to the factual determinations of the state court, absent clear and convincing evidence rebuttal evidence, counsel's performance was

12

not outside the wide range of professionally competent assistance. Nor has petitioner shown that but for counsel's omissions, his sentence would have been significantly lower. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). Therefore, the state courts' adjudication of petitioner's claims is not unreasonable nor is it contrary to or involve an unreasonable application of *Strickland*. Petitioner is not entitled to federal habeas relief.

*(D)* ***Evidentiary Hearing***

Petitioner requests an evidentiary hearing to further develop the record in support of his claims. (Pet'r Mem. in Support at 9-10) Petitioner's claims were adjudicated on the merits in state court, and he has failed to overcome the limitation of § 2254(d) on the record that was before the state court. *Id*. It follows that petitioner is not entitled to an evidentiary hearing. *Id*; *Rabe v. Thaler*, — F.3d —, 2011 WL 3311756, at * 3-4 (5th Cir. Aug. 3, 2011).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED August __16__, 2011.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE